UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN R. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:09-cv-1275-TWP-MJD |
| | ) |
| SHAWMUT WOODWORKING | ) |
| & SUPPLY, INC., | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTIONS IN *LIMINE*

This matter is before the Court on Defendant's Motions in *Limine* [Dkt. 72]. The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

For the reasons stated below, Defendant's Motion *in Limine* [Dkt. 72] is **GRANTED** in part and **DENIED** in part.

**A. Defendant's Motions in *Limine* (Dkt. 72).**

Defendant has filed four motions in *limine*. The first seeks to bar evidence of liability insurance. The second seeks to bar opinion testimony of lay witnesses concerning causation testimony as it relates to Plaintiff's medical condition, diagnosis, and future medical expenses. The third seeks to bar the admission of medical records and reports containing expert opinions in

the absence of a presentation of a proper foundation. The fourth seeks to bar evidence relating to offers of settlement and statements made during settlement negotiations. Each of these motions is addressed in turn.

### 1. Liability Insurance (Motion in *Limine* 1)

Citing Fed. R. Evid. 411, Defendant's motion in *limine* 1 seeks to bar evidence or any references that Defendant may be covered by liability insurance for Plaintiff's claims. In addition, Defendant seeks to bar Plaintiff from asking any member of the panel during voir dire as to whether they are directors, officers, or stockholders of an insurance company. Plaintiff has not responded to this motion in *limine*, and therefore it is uncontested. Accordingly, Defendant's motion in *limine* 1 is **GRANTED**.

### 2. Medical or Expert Opinion Testimony by Lay Witnesses (Motion in *Limine* 2)

Citing Fed. R. Evid. 702, Defendant's motion in *limine* 2 seeks to bar opinion testimony by lay witnesses concerning the causation of any medical condition, diagnosis, future prognosis, and future medical expenses as it relates to Plaintiff's injuries. Plaintiff has not responded to this motion in *limine*, and therefore it is uncontested. Obviously, Plaintiff will be permitted to testify about what he perceived and experienced firsthand. *See* Fed. R. Evid 701(a). Accordingly, Defendant's motion in *limine* 2 is **GRANTED**.

### 3. Admissibility of Medical Records Containing Expert Opinions (Motion in *Limine* 3)

Defendant's motion in *limine* 3 seeks to bar the admission of medical records or reports containing expert opinions, arguing that such records or reports are not admissible without a proper foundation. In addition, Defendant argues that medical records or reports containing expert opinions may not be admitted solely based on the business record exception to the rule

against hearsay. *See* Fed. R. Evid 803(6). To bolster its argument, Defendant relies on the Indiana Rule of Evidence 803(6) and an Indiana Court of Appeal's ruling in *Schloot v. Guinevere Real Estate Corp. See* 697 N.E.2d 1273, 1277 (Ind. Ct. App. 1998) (recognizing that medical records containing expert opinions are not admissible under the business record exception unless they meet the requirements for expert opinions set forth under Rule 702). However, in diversity cases, the Federal Rules of Evidence and federal law govern the admissibility of evidence. *King v. Harrington*, 447 F.3d 531, 533 (7th Cir. 2006). After conducting its own research, the Court found on-point authority. With respect to medical records, the Seventh Circuit has ruled that they are admissible on the issue of causation pursuant to the business record exception under Fed. R. Evid. 803(6). *Gipson v. United States*, 631 F.3d 448, 453 (7th Cir. 2011); *see also Collins v. Kibort*, 143 F.3d 331, 337 (7th Cir. 1998). The Court therefore declines to grant a general prohibition without first examining the context in which evidence of this nature may be offered. Defendant will have ample opportunity to object if an insufficient foundation is presented. Ultimately, courts exclude evidence on a motion *in limine only if* the evidence clearly is not admissible for any purpose, it seems premature to do so here. *See Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). Accordingly, Defendant's motion in *limine* 3 is **DENIED**.

### 4. Offers of Settlement (Motion in *Limine* 4)

Citing Fed. R. Evid. 408, Defendant's motion in *limine* 4 seeks to bar evidence relating to offers of settlement and statements made during settlement negotiations. Defendant is correct when he argues that the introduction of evidence related to offers of settlement or communications regarding the same are irrelevant and against public policy of encouraging

private settlement of disputes. Further, Plaintiff has not responded to this motion in *limine*, and therefore it is uncontested. Accordingly, Defendant's motion in *limine* 4 is **GRANTED**.

B. Conclusion

For the reasons set forth above, Defendant's Motions in *Limine* (Dkt. 72) 1, 2, and 4 are **GRANTED**, but Defendant's Motion in *Limine* 3 is **DENIED**.

SO ORDERED: 02/27/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Jennifer L. Blackwell
GOODIN ORZESKE & BLACKWELL, P.C
jblackwell@goblaw.com

Charles A. Carlock
Attorney at Law
charliecarlock@juno.com

John P. Daly Jr.
GOLITKO & DALY, P.C.
john@golitkodaly.com

Donald G. Orzeske
GOODIN ORZESKE & BLACKWELL, P.C
dorzeske@goblaw.com