**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JOHN R. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09-cv-1275-TWP-MJD |
| ) | |
| SHAWMUT WOODWORKING & ) | |
| SUPPLY, INC. ) | |
| ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION FOR RULING ON VERDICT FORMS

This matter is before the Court on Defendant's Motion for Ruling on Verdict Forms (Dkt. 68). Both parties have submitted their pretrial filings with the Court including their proposed verdict forms. At this time, Plaintiff objects to one of Defendant's proposed verdict forms arguing that the Defendant's proposed verdict form circumvents the Court's March 9, 2011 partial summary judgment ruling on the issue of vicarious liability. Specifically, Plaintiff asserts that Defendant's verdict form misapplies the Court's previous ruling when it lists the sub-contractor P.I.P.E., Inc. ("P.I.P.E.") as a separate entity for purposes of fault allocation on the verdict form, but without attributing P.I.P.E.'s fault, if any, to the Defendant. Plaintiff contends that Defendant's verdict form is inconsistent with the theory of vicarious liability. The Court disagrees.

In a negligence action against a general contractor, a subcontractor may be listed on a verdict form as a separate entity for purposes of fault allocation, but the subcontractor's fault will not be attributable to the general contractor, when the subcontractor is a nonparty. *See Blocher v. DeBartolo Props. Mgmt. Inc.*, 760 N.E.2d 229, 239-40 (Ind. Ct. App. 2001) (holding that there was no reversible error by the trial court when the court did not treat the general contractor and

subcontractor as one entity for fault allocation on the verdict form because the subcontractor was considered a nonparty).  Under Indiana Code § 34-6-2-88, it states a "'nonparty' for purposes of IC 34-51-2, means a person who caused or contributed to cause the alleged injury, death, or damage to property *but who has not been joined in the action as a defendant*." *Id.* (emphasis added).  In this case, Plaintiff's argument to allocate P.I.P.E.'s fault, if any, to the Defendant, as the general contractor, falters because PIPE is a nonparty as defined by statute.[1]  *See Blocher*, 760 N.E.2d at 240 ("By definition, then, a non-party cannot be treated as one with a named defendant.").  Moreover, in the Court's view, any remaining issues Plaintiff may have regarding the issue of vicarious liability, as found by the Court, can be addressed through the instructions given to the jury.

Plaintiff's objection to Defendant's proposed Verdict Form C (Dkt. 90 at 65-66) is **OVERRULED**.  Accordingly, the Court finds the Defendant's proposed Verdict Form A (Dkt. 90 at 63), proposed Verdict Form B (Dkt. 90 at 64), and proposed Verdict Form C (Dkt. 90 at 65) are consistent with the Court's prior ruling and **GRANTS** their use during trial.

SO ORDERED:  2/28/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[1] P.I.P.E. is not a party in this civil action as a defendant.

Distribution to:

Jennifer L. Blackwell
GOODIN ORZESKE & BLACKWELL, P.C
jblackwell@goblaw.com

Charles A. Carlock
Attorney at Law
charliecarlock@juno.com

John P. Daly Jr.
GOLITKO & DALY, P.C.
john@golitkodaly.com

Donald G. Orzeske
GOODIN ORZESKE & BLACKWELL, P.C
dorzeske@goblaw.com